THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



June 21, 1967

Honorable John Connally        Opinion No. M-99
Governor of Texas
State Capitol                  Re:  Expiration date of terms of
Austin, Texas                       members of the Texas Aero-
                                    nautics Commission.

Dear Governor Connally:

        You have requested the opinion of this office regarding
the above question.  In this connection, you have advised us that
the records of the Governor's office and the Secretary of State's
office reflected that the term of office for members of the Texas
Aeronautics Commission expired on September 4 of odd-numbered years.

        Article 46c-3, Vernon's Civil Statutes, originally en-
acted in 1945, and amended in 1961, reads, in part, as follows:

        "The Texas Aeronautics Commission, created
        in 1945, consisting of three (3) Commissioners
        shall hereafter consist of six (6) members though
        the present three (3) Commissioners shall continue
        to serve the balance of their terms.  The three (3)
        new Commissioners shall be appointed by the Governor
        and confirmed by the Senate.  The Governor shall
        appoint successors for the three (3) existing Com-
        missioners (who may be reappointed) at the expira-
        tion of their present terms, subject to confirma-
        tion by the Senate.  The Commissioners shall con-
        tinue in office, as designated by the Governor at
        the time of appointment, through the last day of
        the second, fourth, and sixth calendar years
        respectively, following the passage of this Act.
        The successors of the members initially appointed
        shall be appointed for terms of six(6) years in
        the same manner as the members originally appointed
        under this Act, except that any person appointed
        to fill a vacancy occurring prior to the expira-
        tion of the term for which his predecessor was

-447-

appointed shall be appointed only for the re-
mainder of such term. Each member shall serve
until the appointment and the qualification of
his successor. . . ."

In examining the original statute which became effective
September 4, 1945, and the 1961 amendment, we observe that each of
the enactments contain identical words regarding initial appoint-
ments to the Commission, i.e., "The Commissioners shall continue
in office, as designated by the Governor at the time of appointment,
through the last day of the second, fourth, and sixth calendar years
respectively, following the passage of this Act."

There are general rules which are to be applied in de-
termining the commencement and end of terms of office, when the
statute or constitutional provision does not lay down a sufficient
guideline. In our present case, however, Article 46c-3 ties the
expiration date to the last day of a certain calendar year, and we
do not have to rely upon general rules to answer the question.

Black's Law Dictionary, Fourth Edition, states that
"Calendar year" means: "The period from January 1 to December 31,
inclusive", and "'Calendar year' preceding election means year
beginning on January 1 and ending with December 31."

Webster's International Dictionary, 3rd Edition, in de-
fining the word "year" states that the ". . .calendar year . . .is
now reckoned as beginning with January 1 and ending with December
31."

In determining legislative intent, we must presume that
words are used in their ordinary and everyday sense. This view is
strengthened by the fact in drafting various statutes the legislature,
depending on intent, utilized the terms "for the fiscal year,""for
one year from . . ." or "for the calendar year."

Inasmuch as the terms of most state and county officials
began on January 1, it seems obvious that it was the desire of the
legislature to have the term of the members of the Texas Aeronautics
committee coincide with that of the majority of the State Officials.

Article XVI, Section 30a, Texas Constitution, prohibits
appointments from extending beyond six years from the date of ap-
pointment. For Article 46c-3 to be constitutional, it must be
interpreted to mean that each member of the Commission appointed
after the 1961 amendment was appointed for a term of office ending
December 31 of the second, fourth or sixth year after date of
appointment, as the case might be, and subsequent appointments were
for a period ending the 31st day of December of the sixth year
following the date of appointment.

Based on these calculations, the expiration date of the
terms of office of each member of the Commission, as reflected by

the records in the office of the Secretary of State, would be as follows:

| | |
|---|---|
| James N. Ludlum | 12-31-66 |
| E. M. Anderson, Jr. | 12-31-66 |
| Paul M. Fulks | 12-31-68 |
| A. G. Thompson | 12-31-68 |
| Shelby Kritser (deceased) | 12-31-70 |
| Harry Whitworth | 12-31-70 |

We would further observe that the statute makes specific provision for a holdover member, stating "Each member shall serve until the appointment and the qualification of his successor." This is the general rule applicable to all public offices. Article XVI, Sec. 17, Texas Constitution.

### S U M M A R Y

The specific provisions of Article 46c-3, V.C.S., place the terms of Texas Aeronautics Commission members upon a calendar year basis, starting with the years 1945 and 1961. The terms are thus staggered so that two terms will end on the last day of each even-numbered year.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Dyer Moore, Jr.
Houghton Brownlee
J. C. Davis
Pat Bailey
John Banks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.